UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re )<br>)<br>PAUL FRANCIS, )<br>)<br>  Debtor. )<br>_____) | CHAPTER 7<br>CASE NO. 17-12708-FJB |
| )<br>JOHN O. DESMOND, CHAPTER 7 )<br>TRUSTEE FOR THE ESTATE OF )<br>PAUL FRANCIS, )<br>)<br>  Plaintiff )<br>v. )<br>)<br>RUTH FRANCIS, )<br>)<br>  Defendant. )<br>_____) | ADVERSARY PROCEEDING<br>NO. 18-_____-FJB |

## ADVERSARY COMPLAINT

### JURISDICTION, VENUE AND STANDING

1. The Plaintiff, John O. Desmond, Chapter 7 Trustee for the estate of Paul Francis (the "Debtor"), brings this adversary proceeding pursuant to § 363(h) of the United States Bankruptcy Code and Rule 7001(3) of the Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

3. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4. The Plaintiff, John O. Desmond, Chapter 7 Trustee for the estate of Paul Francis (the "Plaintiff" or "Trustee"), maintains the right to bring and prosecute all actions against the Defendant pursuant to 11 U.S.C. § 363(h) of the Bankruptcy Code.

5. The Defendant, Ruth Francis (the "Defendant"), is the Debtor's wife. She is an individual who, upon information and belief, resides at 410 Highland Street, Milton, Massachusetts.

## BACKGROUND

6. On July 21, 2017, the Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code.

7. On September 26, 2017, the Court entered an order granting the Debtor's motion to convert the case to Chapter 11.

8. On March 20, 2018, the Court entered an order converting the case to Chapter 7.

9. On March 21, 2018, the Trustee was appointed as the Chapter 7 Trustee of the bankruptcy estate of the Debtor.

10. On April 21, 2006, the Debtor and the Defendant took title as tenants by the entirety to certain real estate known and numbered as 156 Norfolk Street, Boston, Massachusetts (the "Subject Real Estate") by a deed recorded with the Suffolk County Registry of Deeds in Book 39446, Page 202.

11. The Subject Real Estate consists of an income producing two-family rental property.

12. The Debtor's 50% interest in the Subject Real Estate constitutes property of the bankruptcy estate.

13. The Subject Real Estate has an assessed value of $203,000 and is mortgage free.

14. The only encumbrance on the Subject Real Estate is a tax taking dated December 13, 2016 for unpaid real estate taxes in the amount of $474.15 in favor of the City of Boston recorded against the Subject Real Estate in the Suffolk Registry of Deeds in Book 57515, Page 51.

15. The Debtor is not asserting an exemption in the value of the Subject Real Estate.

## CLAIM FOR RELIEF PURSUANT TO § 363(h)

16. The Trustee repeats and realleges the allegations contained in paragraphs 1 through 15 of this Adversary Proceeding and incorporates the same herein.

17. As a single structure on a 1,982 square foot parcel, partition in kind of the Subject Real Estate between the bankruptcy estate and the Defendant is not practical.

18. Sale of the bankruptcy estate's undivided interest in the Subject Real Estate would realize significantly less for the bankruptcy estate than a sale of such property free of the interests of the Defendant.

19. The benefit to the bankruptcy estate of the sale of the Subject Real Estate free of the interests of the Defendant outweighs the detriment, if any, to the Defendant. The Subject Real Estate is not the residence of the Defendant.

20. The Subject Real Estate is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

21. Pursuant to 11 U.S.C. § 363(h), the Trustee is entitled to sell both the Debtor's interest and the Defendant's interest in the Subject Real Estate.

22. Pursuant to 11 U.S.C. § 363(j), the Trustee will make a distribution to the Defendant from the net proceeds of the sale according to her interest in the Subject Real Estate.

9130756v1

WHEREFORE, the Trustee respectfully requests that the Court enter judgment against the Defendant:

a. Authorizing the Trustee to sell both the Debtor's interest and the Defendant's interest in the Subject Real Estate located at 156 Norfolk Street, Boston, Massachusetts, pursuant to 11 U.S.C. § 363(h); and

b. Granting the Trustee such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    JOHN O. DESMOND, CHAPTER 7
    TRUSTEE OF THE ESTATE OF
    PAUL FRANCIS,

    By his attorneys,

    */s/ Jonathan M. Horne*
    Thomas S. Vangel, BBO#552386
    Jonathan M. Horne, BBO#673098
    Murtha Cullina LLP
    99 High Street
    Boston, MA  02110
    617-457-4000 Telephone
    617-482-3868 Facsimile
    tvangel@murthalaw.com

Dated: April 10, 2018    jhorne@murthalaw.com