UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) ) ) | |
| PAUL FRANCIS, | ) ) | CHAPTER 7 CASE NO. 17-12708-FJB |
| Debtor. | ) ) ) | |
| JOHN O. DESMOND, CHAPTER 7 TRUSTEE FOR THE ESTATE OF PAUL FRANCIS, | ) ) ) ) ) | ADVERSARY PROCEEDING |
| Plaintiff | ) | NO. 18-01041 FJB |
| v. | ) ) | |
| RUTH FRANCIS, | ) ) | |
| Defendant. | ) ) | |

**ANSWER TO ADVERSARY COMPLAINT**

JURISDICTION, VENUE AND STANDING

1.  Defendant admits that the Plaintiff, John O. Desmond, as the Chapter 7 Trustee for the estate of Paul Francis (the "Debtor"), brings this adversary proceeding pursuant to § 363(h) of the United States Bankruptcy Code and Rule 7001(3) of the Federal Rules of Bankruptcy Procedure.

2.  Defendant admits that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

3.  Defendant admits that venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4. Admits that the Plaintiff, John O. Desmond, Chapter 7 Trustee for the estate of Paul Francis (the "Plaintiff" or "Trustee"), maintains the right to bring and prosecute all actions against the Defendant pursuant to 11 U.S.C. § 363(h) of the Bankruptcy Code.

5. Admits that the Defendant, Ruth Francis (the "Defendant"), is the Debtor's wife and that she is an individual who resides at 410 Highland Street, Milton, Massachusetts.

## BACKGROUND

6. Defendant admits that on July 21, 2017, the Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code.

7. Defendant admits that on September 26, 2017, the Court entered an order granting the Debtor's motion to convert the case to Chapter 11.

8. Defendant admits that on March 20, 2018, the Court entered an order converting the case to Chapter 7. Defendant also states that such order was upon motion by the U.S. Trustee's Office and not by any creditor of the Debtor.

9. Defendant admits of the appointment of the Chapter 7 Trustee as the Trustee of the bankruptcy estate of the Debtor.

10. Defendant admits that Debtor and the Defendant took title as tenants by the entirety to certain real estate known and numbered as 156 Norfolk Street, Boston, Massachusetts (the "Subject Real Estate") by a deed recorded with the Suffolk County Registry of Deeds in Book 39446, Page 202 on April 21, 2006.

11. Defendant admits that the Property is of a two-family rental income property.

12. Defendant admits that a Debtor's 50% interest in the Subject Real Estate constitutes property of the bankruptcy estate. However, in this case, and using contributions to the marital partnership pursuant to applicable Massachusetts law, Debtor's interest should be reduced to his contributions which are far less that fifty percent.

13. Defendant admits that the Property has an assessed value of $203,000 and that such is mortgage free.

14. Defendant admits that the only encumbrance on the Property is a tax taking dated December 13, 2016 for unpaid real estate taxes in the amount of $474.15 in favor of the City of Boston recorded against the Property in the Suffolk Registry of Deeds in Book 57515, Page 51.

15. Defendant admits that the Debtor is not asserting an exemption in the value of the Property.

## CLAIM FOR RELIEF PURSUANT TO § 363(h)

16. Defendant takes notice of the re-allegations and of her responses.

17. Denies. The Property is a two family rental property which could be turned into two condominium units without the need to sell Defendant's interest in the Property.

18. Denies. The proof of claims filed in Debtor's case are minimal compared to the harm caused to Plaintiff by the sale of her real estate. The harm is financial, familial, and emotional as it will cause a breakup of a marriage. In re Spain, 85 B.R. 874 (Bankr. N.D. Ala. 1988), is a case where the court considered both economic and noneconomic factors in denying a proposed sale under §363(h).

19. Defendant as Pursuant to Section 363(h) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners. The Chapter 7 Trustee is attempting to liquidate a two family income property which has been in Defendant's and Debtors' possession since 2006 to pay the following unsecured joint creditors in the amount of $37,660.76[1]: The Defendant shall have the right of first refusal to purchase the Property at the price at which such sale is to be consummated; and or in the alternative, to be allowed to either pay the Debtor's debts (as all are joint) or renegotiate repayment with the creditors. See Section 363(i) and (j).

20. Defendant admits.

21. Defendant denies for the reasons stated above.

---

[1] There is a claim by Wells Fargo in the amount of $9,419.45 which was not included as it is a debt (with no arrearages) owed by Debtor's corporation. Also, out of the total amount, $32,826.28 is owed to the taxing authorities by Plaintiff and Debtor.

3

22. Defendant takes notice. However, Defendant further states that she shall have a right to repay the Debts of the Debtor as they are joint debts.

## COUNTERCLAIMS

23. Defendant re-alleges the assertions and allegations above stated.

24. Debtor is an income earner and would not have qualified for Chapter 7 protection.

25. Debtor's debts are jointly held with Plaintiff.

26. There was no creditor moving for conversion to Chapter 7. Also, such order on conversion is pending appeal.

27. Debtor's unsecured claims amount to $32,826.28 which includes tax debt owed to the Internal Revenue Service and the Massachusetts Department of Revenue in the amount of $32,826.28.

28. There is an unsecured debt to Wells Fargo Bank which is a debt of Debtor and Defendant's corporation. This debt has no arrearages and Debtor's and Defendant's corporation is paying on time.

29. The remaining claims are secured claims (mortgages) over Debtor and Defendant's other real estate properties totaling $2,157,392.55.

## CLAIMS AND DEFENSES FOR RELIEF PURSUANT TO § 363(i) and (j)

30. Defendant re-alleges the assertions and allegations above stated.

31. Pursuant to Section 363(i): "Before the consummation of a sale of property to which subsection (g) or (h) of this section applies, or of property of the estate that was community property of the debtor and the debtor's spouse immediately before the commencement of the case, the debtor's spouse, or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated.

32. Pursuant to Section 363(j): After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

4

33. The Chapter 7 Trustee's aim is to pay due creditors and to get compensated from the sale of joint property.

34. Defendant shall be allowed to either buy the property or to pay her own creditors which are the creditors of the Debtor.

WHEREFORE, Defendant requests that this Court takes notice of her response and allows her to:

a) Purchase the Property pursuant to Section 363(i) and (j); and/or

b) Repay the Creditors of the Debtor as they are her own creditors; and

c) For any other relief deemed necessary and proper.

Respectfully Submitted By Ruth Francis,
Plaintiff Through Counsel,
Perez-Kudzma Law Office, P.C
/s/ Carmenelisa Perez-Kudzma
413 Boston Post Road, Weston, MA 02493
BBO#633520
carmenelisa@pklaw.law
978-505-3333

Dated May 30, 2018

5