UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) ) | |
| PAUL FRANCIS, | ) ) | CHAPTER 7 |
| | ) | CASE NO. 17-12708-FJB |
| Debtor. | ) ) | |
| | ) ) | |
| JOHN O. DESMOND, CHAPTER 7 TRUSTEE FOR THE ESTATE OF PAUL FRANCIS, | ) ) ) ) | |
| | ) | ADVERSARY PROCEEDING |
| Plaintiff | ) | NO. 18-01041-FJB |
| v. | ) ) | |
| RUTH FRANCIS, | ) ) | |
| Defendant. | ) ) ) | |

## CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal District Court Local Rule 56.1, as made applicable to this proceeding by MLBR 7056-1, John O. Desmond, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Paul Francis (the "Debtor") hereby submits this Motion for Summary Judgment. The undisputed material facts demonstrate that Trustee has satisfied all elements required for this Court to grant the Trustee authorization to sell the Debtor and the Defendant's interest in a non-marital two-family property located at 156 Norfolk Street, Boston, Massachusetts (the "Subject Real Estate") pursuant to 11 U.S.C. § 363(h).

It is undisputed that the Debtor maintains an ownership interest in the Subject Real Estate, as a tenant by the entirety, demonstrated through his bankruptcy schedules and the Defendant's Answer to the Trustee's Adversary Complaint. Further, because the Debtor and the Defendant hold an ownership interest in the Subject Real Estate as tenants by the entirety,

1

partition of the Subject Real Estate is impracticable. Likewise, an undivided sale of both the Defendant's and the Debtor's interests in the Subject Real Estate will result in a higher sale price than the sale of only Debtor's interest in the Subject Real Estate with the Defendant maintaining her interest. In fact, the sale of the Subject Real Estate will generate approximately $154,000 in proceeds to the estate, as the Subject Real Estate is only subject outstanding tax liabilities in the amount of $1,976.09. Moreover, the Defendant cannot demonstrate any detriment which would outweigh the benefit to the Debtor's estate. In fact, the Defendant has only vaguely asserted that her marriage would suffer as a result of a sale of the Subject Real Estate which is unavailing in overcoming the significant benefit of sale to the estate. Finally, the Defendant has admitted in her Answer that the Subject Real Estate is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. As a result the Trustee has satisfied all requirements under Section 363(h) necessary for this Court to grant the Trustee authorization to sell the Subject Real Estate

WHEREFORE, the Trustee requests that the Court allow his Motion for Summary Judgment and rule as a matter of law that the Trustee has authority to sell both the Debtor's interest and the Defendant's interest in the Subject Real Estate, pursuant to 11 U.S.C. § 363(h).

Respectfully submitted,

**JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF THE ESTATE OF PAUL FRANCIS,**

By his attorneys,

*/s/ Anthony R. Leone*
Thomas S. Vangel, BBO#552386
Anthony R. Leone, BBO#681760
Murtha Cullina LLP
99 High Street
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile
tvangel@murthalaw.com
aleone@murthalaw.com

Dated:  July 10, 2018

9264988v1

## CERTIFICATE OF SERVICE

    I, Anthony R. Leone, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<em>/s/ Anthony R. Leone</em>