UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAUL FRANCIS, | ) | CHAPTER 7 |
| | ) | CASE NO. 17-12708-FJB |
| Debtor. | ) | |
| | ) | |
| JOHN O. DESMOND, CHAPTER 7 TRUSTEE FOR THE ESTATE OF PAUL FRANCIS, | ) | |
| | ) | ADVERSARY PROCEEDING |
| Plaintiff | ) | NO. 18-01041-FJB |
| v. | ) | |
| RUTH FRANCIS, | ) | |
| Defendant. | ) | |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF CHAPTER 7
TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff, John O. Desmond, duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Paul Francis (the "Debtor") hereby submits the Trustee's Statement of Undisputed Material Facts in support of Trustee's Motion for Summary Judgment pursuant to Fed. Rule Civ. P. 56 as made applicable through MLBR 7056-1.

**The Debtor's Bankruptcy and the Adversary Proceeding**

1. On July 21, 2017, the Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (the "Petition Date"). [Docket No. 1; Adversary Complaint ("Adversary Compl.") ¶6; Def. Answer ¶6].

2. On September 26, 2017, the Court entered an order granting the Debtor's motion to convert the case to Chapter 11. [Adversary Compl. ¶7; Def. Answer ¶7].

9265126v1

3. On March 20, 2018, the Court entered an order converting the case to Chapter 7. [Adversary Compl. ¶8; Def. Answer ¶8].

4. On March 21, 2018, the Trustee was appointed as the Chapter 7 Trustee of the bankruptcy estate of the Debtor. [Adversary Compl. ¶9; Def. Answer ¶9].

5. On April 3, 2018 the Debtor filed a Notice of Appeal of the conversion of the Debtor's estate to the Bankruptcy Appellate Panel, however, the Debtor did not file a motion to stay pending appeal. [Docket No. 99].

6. On April 10, 2018, the Trustee filed an adversary complaint against Ruth Francis (the "Defendant") pursuant to Section 363(h) of the Bankruptcy Code (the "Adversary Complaint"). [Adv. Proc. Docket No. 1; Adversary Compl. ¶1; Def. Answer ¶1].

7. Through the Adversary Complaint the Trustee seeks authorization to sell both the Debtor's and the Defendant's interest in property known and numbered as 156 Norfolk Street, Boston, Massachusetts (the "Subject Real Estate") by a deed recorded with the Suffolk County Registry of Deeds in Book 39446, Page 202 pursuant to Section 363(h). [See Adversary Compl. ¶¶16-21]

### The Subject Real Estate

8. On April 21, 2006, the Debtor and the Defendant took title as tenants by the entirety to the Subject Real Estate. [Suffolk County Registry of Deeds in Book 39446, Page 202.] A true and accurate copy of the Deed is attached hereto as Exhibit A.

9. The Debtor and the Defendant purchased the Subject Real Estate for nominal consideration of $1.00 from the Debtor's related business P&R Ice Cream and Restaurant Inc. Id.

2

9265126v1

10. The Subject Real Estate consists of an income producing two-family rental property. [Docket No. 15; Debtor's Sch. I; Def. Answer ¶ 11].

11. According to the Debtor's schedules, the Debtor is collecting rent in the amount of $2,100 per month from the Subject Real Estate. [Docket No. 15; Schedule I].

12. The Debtor has not distributed any rental income generated from the Subject Real Estate to the Trustee. [Trustee Aff. ¶ 15] attached hereto as Exhibit B.

13. As of the Petition Date, the Debtor does not reside at the Subject Real Estate. [Def. Answer ¶5].

14. According to the Debtor's schedules, the Debtor and the Defendant's marital home is located at 410 Highland Street, Milton Massachusetts 02186. [Docket No. 15, Debtor's Schedule A at 1].

**Valuation of the Subject Real Estate**

15. According to Schedule A, the Debtor values the Subject Real Estate at $323,500.00 [Docket No. 15].

16. According to a review of available land records recorded in the Suffolk County Registry of Deeds the only recorded encumbrance on the Subject Real Estate is a tax taking recorded by the City of Boston in the amount of $474.15. [Suffolk Count Registry of Deeds Book 57515, Page 51; Adversary Compl. ¶ 14; Def. Answer ¶14.] A true and accurate copy of the Tax Taking is attached hereto as Exhibit C.

17. According to the City of Boston Tax Assessors Office, as of June 30, 2018, there is an outstanding tax balance of $1,976.09 on the Subject Real Estate. [Trustee Aff. 10].

**The Debtor Maintains an Interest in the Subject Real Estate**

3

9265126v1

18. The Debtor's interest in the Subject Real Estate, held as a tenant by the entirety, constitutes property of the bankruptcy estate. [Def. Answer ¶ 12].

19. The Debtor did not claim any exemption in the value of the Subject Real Estate. [Adversary Compl. ¶ 15; Def. Answer ¶ 15].

**The Sale of the Subject Real Estate Free and Clear of the Defendant's Interest Satisfies the Requirements of 11 U.S.C. 363(h)**

20. As a two family income property, held as tenants by the entirety, which is not a condominium, partition of the Subject Real Estate is impracticable. [Trustee Aff. ¶¶ 16-17].

21. The sale of the Subject Real Estate in its entirety would realize more for the bankruptcy estate than the sale of a partial interest of the Subject Real Estate. [Trustee Aff. ¶ 18].

22. There is equity in the Subject Real Estate for the bankruptcy estate. [Trustee Aff. ¶ 12].

23. The sale of the Subject Real Estate will realize approximately $154,000 for the Debtor's bankruptcy estate. Id.

24. The benefit to the estate of the sale of the Subject Real Estate free and clear of the Defendant's interests outweighs any detriment to the Defendant. [Trustee Aff. ¶ 7].

25. The Defendant and the Debtor do not reside in the Subject Real Estate. [Trustee Aff. ¶ 6].

26. The only alleged detriment raised by the Defendant in connection with her Answer to the Adversary Complaint is that the sale of the Subject Real Estate "will cause a breakup of her marriage." [Def. Answer ¶ 18].

27. The Defendant will receive approximately $154,000 from the proceeds of a sale of the Subject Real Estate pursuant to 11 U.S.C. 363(j). [Trustee Aff. ¶ 12].

4

9265126v1

28. The Subject Real Estate is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. [Adversary Compl. ¶20; Def. Answer ¶20].

Respectfully submitted,

**JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF THE ESTATE OF WARREN I. GREEN**

**By his attorneys,**

/s/    *Anthony R. Leone*
Thomas S. Vangel – BBO #552386
Anthony R. Leone - BBO #681760
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone:  617.457.4000
Facsimile:  617.482.3868
tvangel@murthalaw.com
aleone@murthalaw.com

Dated:  July 10, 2018

5

9265126v1

## CERTIFICATE OF SERVICE

      I, Anthony R. Leone, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                      */s/ Anthony R. Leone*

9265126v1

# EXHIBIT A

## MASSACHUSETTS QUITCLAIM DEED

P&R Ice Cream & Restaurant, Inc., a Corporation duly established under the laws of Massachusetts and having its usual place of business at 1284 Blue Hill Avenue, Mattapan, Massachusetts 02126 for consideration paid, and in full consideration of ONE AND 00/100 Dollars (U.S. $1.00) grant to Paul Francis and Ruth Francis, husband and wife, Tenants by the Entirety, of 156 Norfolk Street, Dorchester, Massachusetts 02124 with *quitclaim covenants* the following property in Suffolk County, Massachusetts.

A certain parcel of land with the buildings thereon situated in that part of Boston, Suffolk County, Massachusetts called Dorchester, numbered 156-156A Norfolk Street, and bounded and described as follows:

| | |
|---|---|
| NORTHWESTERLY | by Norfolk Street, thirty-five and 31/100 (35.31) feet; |
| NORTHEASTERLY | by land now or late of Echart, eighty-seven and 74/100 (87.74) feet; |
| SOUTHEASTERLY | by land formerly of Edward H. Holbrook, deceased, being Lot numbered 2 on plan hereinafter referred to, twenty-nine and 90/100 (29.90) feet; |
| SOUTHWESTERLY | by land now or late of said Edward H. Holbrook, thirty-six and 30/100 (36.30) feet; |
| SOUTHEASTERLY | by said Holbrook land, being Lot numbered 2 on said plan, three and 20/100 (3.20) feet; and |
| SOUTHWESTERLY | in part by said Lot numbered 2 and in part by land conveyed by Adeline J. Holbrook to the Old Colony Trust Company, Trustee, by deed dated December 1905 and recorded with Suffolk Deeds in Book 3090 Page 291, thirty-one and 60/100 (31.60) feet. |

Containing 2,342 square feet, to be the same more or less or however otherwise the granted premises may be bounded, measured or described. Being Lot numbered 1 on Sspinwall & Lincoln plan dated November 18, 1889, and recorded with Suffolk Deeds in Book 1979 Page 628 with certain changes to adjust the boundary line between the said premises and Lot numbered 2.

Being the same premises conveyed to the herein named grantor(s) by deed recorded with Suffolk County Registry of Deeds in Book 23636, Page 091.

IN WITNESS WHEREOF, the said P&R Ice Cream Restaurant, Inc. has caused its corporate seal to be hereto affixed and these presents to be signed, acknowledged and delivered in its name and behalf by Ruth Francis, It's President and Clerk, and Paul Francis, It's Treasurer and Director, hereto duly authorized this 21st day of April, 2006.

_____
P&R Ice Cream & Restaurant, Inc.
By: Ruth Francis
It's: President and Clerk

_____
P&R Ice Cream & Restaurant, Inc.
By: Paul Francis
It's: Treasurer and Director

### COMMONWEALTH OF MASSACHUSETTS

Plymouth, ss.                                                                 April 21, 2006

On this 21st day of April, 2006, before me, the undersigned notary public, personally appeared Ruth Francis, President and Clerk of P&R Ice Cream & Restaurant, Inc. and Paul Francis, Treasurer and Director of P&R Ice Cream & Restaurant, Inc., proved to me through satisfactory evidence of identification, which was/were [✓] Mass. driver's license(s) or [ ] _____, to be the person(s) whose name(s) is/are signed on the preceding or attached document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose.

_____
Notary Public, Natasha F. Lucien
My Commission Expires: 8-21-09

PROPERTY ADDRESS:   156 Norfolk Street Dorchester, Massachusetts 02124

Return — Paul Francis, 156 Norfolk St, Dorchester, MA 02124

*Margin annotation: 156 Norfolk Street, Dorchester*

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>PAUL FRANCIS,<br><br>　　　　　Debtor. | CHAPTER 7<br>CASE NO. 17-12708-FJB |
| JOHN O. DESMOND, CHAPTER 7 TRUSTEE FOR THE ESTATE OF PAUL FRANCIS,<br><br>　　　　　Plaintiff<br>v.<br><br>RUTH FRANCIS,<br><br>　　　　　Defendant. | ADVERSARY PROCEEDING<br>NO. 18-01041-FJB |

### AFFIDAVIT OF JOHN O. DESMOND, CHAPTER 7 TRUSTEE

I, John O. Desmond, Chapter 7 Trustee for the estate of Warren I. Green (the "Debtor"), hereby depose and state upon my own personal knowledge or based on information and belief where the context so permits:

1. For more than 28 years I have been an attorney licensed to practice law in the Commonwealth of Massachusetts. For over 25 years I have served as a panel Chapter 7 Trustee in the Bankruptcy Court for the District of Massachusetts.

2. On March 21, 2018, I was duly appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

3. Based on my review of publically available real estate records located at the Suffolk County Registry of Deeds, the Debtor and the Defendant took title as tenants by the

9266012v1

entirety to certain real estate known and numbered as 156 Norfolk Street, Boston, Massachusetts (the "Subject Real Estate") by a deed recorded with the Suffolk County Registry of Deeds in Book 39446, Page 202 on or about April 21, 2006.

4. Based on my review of publically available City of Boston assessment records, the Subject Real Estate is zoned as a two family dwelling by the City of Boston.

5. According to my review of the Debtor's schedules, the Debtor has not claimed any exemption with respect to the Subject Real Estate.

6. According to my review of the Debtor's schedules, the Subject Real Estate is not the Debtor and the Defendant's marital home.

7. The benefit to the estate of the sale of the Subject Real Estate free and clear of the Defendant's interests outweighs any detriment to the Defendant.

8. According to my review of the Debtor's schedules the Debtor values the Subject Real Estate at $323,500.

9. The only recorded encumbrance on the Subject Real Estate is a tax taking dated December 13, 2016 for unpaid real estate taxes in the amount of $474.15 in favor of the City of Boston recorded against the Subject Real Estate in the Suffolk Registry of Deeds in Book 57515, Page 51.

10. According to the City of Boston Tax Assessors Office, as of June 30, 2018, the total outstanding tax balance on the Subject Real Estate is $1,976.09.

11. According to the $323,500.00 valuation provided by the Debtor on Schedule A, the distribution of proceeds from the Sale of the Subject Real Estate is approximately as follows:

2

9266012v1

| Valuation of Subject Real Estate | $323,500 |
|---|---|
| Outstanding Tax Liabilities | ($1,976.09) |
| Approximate Costs of Sale | ($13,000.00) |
| **Remaining Equity** | **$308,523.91** |
| **50% to the Estate** | **$154,261.95** |
| **50% to the Defendant** | **$154,261.95** |

12.     The remaining equity after payment of any outstanding tax liabilities and encumbrances as of the date of sale, the sum of $308,523.91, would be split equally between the Defendant and the Debtor.  This would result in $154,261.95 in equity for the estate.

13.     Based on the above distribution of sale proceeds, the Defendant is likely to receive $160,761.95 in proceeds from the sale.

14.     Upon information and belief, the Subject Real Estate is used as a rental property.

15.     According to the Debtor's schedules, the Debtor and the Defendant receive approximately $2,100 per month in the form of rental income from the Subject Real Estate.

16.     Based on my review of publically available property records, partition of the Subject Real Estate, as a two family held as tenants by the entirety, is impracticable.

17.     Based on my review of publically available property records, partition of the Subject Real Estate, as a two family which is not a condominium, is impracticable.

3

9266012v1

18. Based on my experience as a Chapter 7 Trustee, the sale of the Subject Real Estate in its entirety would realize more for the bankruptcy estate than the sale of a partial interest of the Subject Real Estate.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 5th DAY OF JULY 2018.

_____
John O. Desmond, Esq.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>PAUL FRANCIS,<br><br>    Debtor. | CHAPTER 7<br>CASE NO. 17-12708-FJB |
| JOHN O. DESMOND, CHAPTER 7<br>TRUSTEE FOR THE ESTATE OF<br>PAUL FRANCIS,<br><br>    Plaintiff<br><br>v.<br><br>RUTH FRANCIS,<br><br>    Defendant. | ADVERSARY PROCEEDING<br>NO. 18-01041-FJB |

### DECLARATION RE: ELECTRONIC FILING

PART I - DECLARATION OF PETITIONER

  I, John O. Desmond, hereby declare under penalty of perjury that all of the information contained in my **AFFIDAVIT OF JOHN O. DESMOND, CHAPTER 7 TRUSTEE** (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

  I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: 7-5-18

_____
John O. Desmond (BBO 554580)
5 Edgell Road, Suite 30A
Framingham, MA 01701
Tel: (508) 879-9638

# EXHIBIT C

This instrument must be filed for record or registration within 60 days from its date

State Tax Form 301
Revised 3/2009

COMMONWEALTH OF MASSACHUSETTS

CITY OF BOSTON
Name of city or town

Office of the Collector of Taxes

2017 00010798
Bk: 57515 Pg: 51   Page: 1 of 1
Recorded: 02/02/2017 08:03 AM
ATTEST: Stephen J. Murphy, Register
Suffolk County Registry of Deeds

## INSTRUMENT OF TAKING

I, DAVID SWEENEY, Collector of Taxes for the City/Town of BOSTON, acting under General Laws Chapter 60, Sections 53 and 54, hereby take for the city/town the real property described below:

### DESCRIPTION OF PROPERTY

(The description must be sufficiently accurate to identify the property and must agree with the notice of taking. In the case of registered land, The Certificate of Title Number and the Registration Volume and Page must be given.)

ASSESSORS PARCEL ID  17-01903-000

156 NORFOLK ST
1982 SQ. FT.

This land is taken because taxes, as defined in Chapter 60, Section 43, assessed on the property to

FRANCIS PAUL
FRANCIS RUTH                                       for fiscal year 2016 were not
paid within 14 days after a demand for payment was made on FRANCIS PAUL
on MAY 6, 2016. After notice of intention to take the land was given as required by law, they remain unpaid along with the interest and incidental expenses and cost to the date of taking as follows:

| | |
|---|---|
| Fiscal Year 2016 Taxes remaining unpaid | $ 420.92 |
| Interest to Date of Taking | $ 36.23 |
| Incidental Expenses and Costs to Date of Taking | $ 17.00 |
| Total for which Land is Taken | $ 474.15 |

Signature of Collector of Taxes

Executed as a sealed instrument on DECEMBER 13, 2016

DAVID SWEENEY
Printed/Typed Name of Collector of Taxes

THE COMMONWEALTH OF MASSACHUSETTS

Suffolk ss,

On this 13TH day of DECEMBER, 2016, before me, the undersigned notary public, personally appeared DAVID SWEENEY, Collector-Treasurer of the City of Boston, Massachusetts, personally known to me to be the person whose name is signed on this document, and acknowledged that he/she signed the foregoing instrument voluntarily for the purpose therein expressed.

MICHAEL J. HUTCHINSON
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES 1/05/2018

Signature of Notary Public

**THIS FORM APPROVED BY THE COMMISSIONER OF REVENUE**