# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

|  |  |
|---|---|
| In re | ) |
| | ) |
| PAUL FRANCIS, | ) CHAPTER 7 |
| | ) CASE NO. 17-12708-FJB |
| Debtor. | ) |
| | ) |
| JOHN O. DESMOND, CHAPTER 7 | ) |
| TRUSTEE FOR THE ESTATE OF | ) |
| PAUL FRANCIS, | ) |
| | ) ADVERSARY PROCEEDING |
| Plaintiff | ) NO. 18-01041-FJB |
| v. | ) |
| | ) |
| RUTH FRANCIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

The plaintiff, John O. Desmond, the duly appointed Chapter 7 Trustee of the bankruptcy estate of Paul Francis (the "Plaintiff" or "Trustee"), hereby submits this Memorandum of Law in Support of his Motion for Summary Judgment. The Trustee, through his Adversary Complaint, seeks authorization pursuant to Section 363(h) of the Bankruptcy Code to sell the Debtor and Ruth Francis' (the "Defendant") interest in their income producing property, known and numbered as 156 Norfolk Street, Boston Massachusetts and all improvements thereon (the "Subject Real Estate"). The Trustee has satisfied each of the requirements under Section 363(h) necessary to obtain authorization to sell the Subject Real Estate. Here, because the Subject Real Estate is held by the Debtor and the Defendant as tenants by the entirety, each with an ownership

interest in the undivided whole of the Subject Real Estate, partition is impractical.[1]  Further, as a result of the Defendant maintaining an interest in the Subject Real Estate, the sale of the Subject Real Estate free and clear of her interest will generate a higher return for the estate. Notwithstanding the fact that the Defendant has not put forth any legally recognized detriment if the Court did grant the Trustee authorization to sell the Subject Real Estate, the Trustee has established that the benefit to the estate would outweigh any detriment to the Defendant.  In fact, the Trustee has established that the benefit to the estate from the sale of the Subject Real Estate, in the form of approximately $154,000 in estimated net sales proceeds, significantly outweighs any detriment to the Defendant.  Instead, the Defendant has only vaguely and inadequately asserted that the sale of the Subject Real Estate may cause harm to her marriage.[2]  As a result, the Trustee, therefore, respectfully requests this Court grant the Trustee authorization to sell the Subject Real Estate pursuant to Section 363(h) of the Bankruptcy Code.

## UNDISPUTED MATERIAL FACTS

On July 21, 2017, the Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (the "Petition Date").  [Statement of Material Facts ("SMF") ¶ 1].  On March 20, 2018, after previously converting the Debtor's case to Chapter 11, the Court upon a motion filed by the United States Trustee's Office, entered an order converting the case to Chapter 7. [SMF ¶¶ 2-3].  On April 3, 2018 the Debtor filed a Notice of Appeal of the conversion of the Debtor's estate; however, the Debtor did not file a motion to stay pending appeal.  [SMF ¶ 5]. On April 10, 2018, the Trustee filed an adversary complaint against Ruth Francis (the "Defendant") pursuant to Section 363(h) of the Bankruptcy Code (the "Adversary Complaint")

---

[1] Contrary to the Defendant's contention, the onerous requirements necessary to converting a two family residence into condominiums also make partition impractical.
[2] The Defendant has admitted in her Answer to the Trustee's Adversary Complaint that the Subject Real Estate is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.  [SMF ¶ 28].

and seeking to sell both the Debtor and the Defendant's interest in the Subject Real Estate [SMF ¶¶ 6-7].

The Debtor and the Defendant took title to the Subject Real Estate as tenants by the entirety on April 21, 2006. [SMF ¶ 8]. The Debtor and the Defendant purchased the Subject Real Estate for nominal consideration of $1.00 from the Debtor and the Defendant's related business P&R Ice Cream and Restaurant Inc. [SMF ¶ 9]. The Subject Real Estate consists of an income producing two-family rental property. [SMF ¶ 10]. According to the Debtor's schedules, the Debtor collects monthly rent from the Subject Real Estate, totaling $2,100. [SMF ¶ 11]. The Debtor has not provided any rental income from the Subject Real Estate to the Trustee. [SMF ¶ 12]. According to Schedule A, the Debtor values the Subject Real Estate at $323,500.00. [SMF ¶ 15]. According to publically available tax records, as of June 30, 2018, the Subject Real Estate is subject to an outstanding tax balance of $1,976.09. [SMF ¶ 17].

The Debtor's interest in the Subject Real Estate constitutes property of the bankruptcy estate. [SMF ¶ 18]. The Debtor and the Defendant do not reside at the Subject Real Estate. [SMF ¶ 25]. In fact, according to the Debtor's schedules, the Debtor and the Defendant's marital home is located at 410 Highland Street, Milton Massachusetts 02186. [SMF ¶ 14]. As a two family income property held by the Debtor and the Defendant as tenants by the entirety, partition of the Subject Real Estate is impracticable. [SMF ¶ 20]. According to the Trustee's evaluation of the Subject Real Estate, the sale of the Subject Real Estate in its entirety would realize more for the bankruptcy estate than the sale of a partial interest of the Subject Real Estate. [SMF ¶ 21]. The sale of the Subject Real Estate will realize approximately $154,261.95 in equity for the Debtor's bankruptcy estate and approximately $154,261.95to the Defendant. [SMF ¶¶ 23, 27].

3

The only detriment alleged in the Defendant's Answer is the Defendant's contention that the sale of the Subject Real Estate would have a negative impact on her marriage. [SMF ¶ 26].

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment in an adversary proceeding is governed by the same standards which govern motions under Fed. R. Civ. P. 56, as made applicable by Fed. R. Bankr. P. 7056. See In re Spigel, 260 F.3d 27 (1st Cir. 2001); In re McCabe, 345 B.R. 1 (Bankr. D. Mass. 2006). Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. In order to defeat a properly supported motion for summary judgment, the non-moving party must establish a trial-worthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Anderson, 477 U.S. at 249.

### II. THE TRUSTEE HAS SATISFIED THE REQUIREMENTS UNDER SECTION 363(h) OF THE BANKRUPTCY CODE NECESSARY FOR THE COURT TO GRANT THE TRUSTEE AUTHORIZATION TO SELL THE SUBJECT REAL ESTATE

Section 363(h) of the Bankruptcy Code, grants the Trustee power to seek authorization to sell property held as tenants by the entirety where the co-owner spouse is a non-debtor. Section 363(h) provides that:

> [t]he trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at

> the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if–
>
> > (1) partition in kind of such property among the estate and such co-owners is impracticable;
> > (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> > (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, in any, to such co-owners; and
> > (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

As articulated below, there is no dispute that the Trustee has satisfied each of the elements of Section 363(h).[3]

### A.   Partition of the Subject Real Estate is Impracticable.

Here, it is unquestionable that the partition of the Subject Real Estate is impracticable. It is well settled that "real estate held in tenancy by the entirety is . . . not subject to partition in kind or by sale in Massachusetts." In re Coombs, 86 B.R. 314, 315 (Bankr. D. Mass. 1988) (citing Mass. Gen. Laws c. 241 §1, which states, "[a]ny person, **except a tenant by the entirety**, owning a present undivided legal estate in land, not subject to redemption, shall be entitled to [partition] . . . . (emphasis added)). Here, the Debtor and the Defendant have, at all times since April 21, 2006, held title to the Subject Real Estate as tenants by the entirety. As a result, partition of Subject Real Estate is impracticable. [SMF ¶ 20].

Moreover, the Defendant's assertion in her Answer that the Subject Real Estate may be partitioned through creating condominiums is without merit. As articulated by the court in In re Duda, considering the possibility of partitioning a similar two family home held as tenants in common, "'condominiumization is not a form of partition.'" In re Duda, 422 B.R. 339, 348 (Bankr. D. Mass. 2010) citing 56 Assoc. & 57 Assoc. v. Diorio, 381 B.R. 431, 436 (D.R.I.2008).

---

[3] The Defendant has admitted that the Trustee has satisfied Section 363(h)(4). [SMF ¶ 28].

The Duda Court additionally determined, "even if condominiumization was an acceptable form of partition, it would be impractical and illogical to force Collins to go through the extensive and presumably expensive process of condominiumization under Mass. Gen. Laws ch. 183A." Id. at 349. Here, the Defendant has not demonstrated any preexisting progress partitioning the Subject Real Estate into separate condominium units, nor demonstrated that the Defendant and Debtor have any additional capital necessary to create a condominium project. See Id. As a result, the Defendant's contention that the Subject Real Estate may be converted into condominiums is insufficient to demonstrate that partition of the Subject Real Estate is practicable.

    **B.    The Sale of the Bankruptcy Estate's Undivided Interest in the Subject Real Estate Would Realize Significantly Less Than the Sale of the Entire Property.**

The sale of the bankruptcy estate's undivided interest would also realize significantly less for the bankruptcy estate than the sale of the entire property. Here, the Trustee, relying on his experience as a chapter 7 trustee for the past 25 years has determined that the sale of the Subject Real Estate in its entirety would realize more for the bankruptcy estate than the sale of a partial interest of the Subject Real Estate. [SMF ¶ 21]. Even in the absence of formal testimony from an appraiser indicating that the bankruptcy estate's undivided interest in the property would realize significantly less for the bankruptcy estate than a sale of such property free of the interest of the co-owner, this Court may take judicial notice of this fact. See In re Vassilowitch, 72 B.R. 803, 807-808 (Bankr. D. Mass. 1987) (In granting authorization pursuant to Section 363(h) court took judicial notice "that the sale of the estate's interest in such property would realize less than the sale free of [spouse's] interest" in the absence of testimony from an appraiser, pursuant to Bankruptcy Rule 9017). This is especially applicable in this case as the Defendant has not introduced any testimony to the contrary. See In re Vassilowitch, 72 B.R. at 808. Thus, the sale

6

of bankruptcy estate's undivided interest in the property would realize significantly less for the bankruptcy estate than a sale of such property free of the interest of the co-owner satisfying Section 363(h)(2).

### C.  The Benefit to the Estate of a Sale of the Subject Real Estate Free of the Interests of the Defendant Outweighs the Detriment to the Defendant.

Moreover, the undisputed material facts demonstrate that the Debtor's bankruptcy estate will receive significant equity from the sale of the Subject Real Estate which outweighs any detriment to the Defendant. Courts have interpreted the burden under 363(h)(3) as a shifting burden:

> Although the Plaintiff bears the ultimate burden of proof on this issue, the Plaintiff's initial burden is only to show that sale of the property free of the Defendant's interest would produce a benefit to the estate: that the estate's share of the net proceeds would exceed existing liens on the Debtor's interest in the property. If the Defendant then shows that such a sale would produce a detriment to him, the Trustee must show that the benefit to the estate is greater than the detriment to the Defendant.

In re Duda, 422 B.R. at 349 quoting In re Coletta Bros. of N. Quincy, Inc., 172 B.R. 159, 165 (Bankr. D. Mass. 1994). According to the Debtor's Schedule A, the Debtor values the Subject Real Estate at $323,500. [SMF ¶ 15]. As set forth in the chart below, after deducting outstanding tax liabilities, the sale of the Subject Real Estate will return approximately $154,261.95 to the Debtor's bankruptcy estate:

| | |
|---|---|
| Valuation of Subject Real Estate | $323,500 |
| Outstanding Tax Liabilities | ($1,976.09) |
| Approximate Cost of Sale (10% of First $50,000, 2.5% of the Balance of Equity) | ($13,000.00) |
| **Remaining Equity** | **$308,523.91** |
| **50% Equity to Estate** | **$154,261.95** |

7

[SMF ¶¶ 23, 27]. The benefit to the bankruptcy estate is significant as the sale of the Debtor's interest along with the Defendant's interest will result in substantially more proceeds for the estate and its creditors. See Vassilowitch, 72 B.R. at 807. It is well settled that "[i]t is a benefit to the estate to pay secured creditors, administrative and priority unsecured claims from the proceeds of a sale of property pursuant to § 363(h) of the Code." In re Roswick, 231 B.R. 843, 860 (Bankr. S.D.N.Y. 1999).

The Defendant cannot satisfy her burden that the detriment to her outweighs the benefit to the estate. In fact, the Defendant has not articulated any legally recognized detriment which is not outweighed by the approximately $154,000 in proceeds to the estate which would result from the sale of the Subject Real Estate. Instead, in her Answer the Defendant only alleges that the sale of the Subject Real Estate may have a negative impact on her marriage. [SMF ¶ 26]. This factual allegation is too vague and speculative to establish a detriment sufficient to overcome the benefit to the estate in the form of approximately $154,000 in proceeds from the sale of the Subject Real Estate which may be distributed to creditors. See In re Duda, 422 B.R. at 349. Moreover, the purported detriment to the Defendant is especially remote, whereas here, the Subject Real Estate is not the Defendant's martial home, but rather an income producing property that the Defendant and Debtor hold as tenants by the entirety.[4] As a result, any detriment articulated by the Defendant is entirely distinguishable from other Section 363(h) cases considering a defendant's detriment in the context of martial property. Compare e.g. In re Coombs. Therefore, even if the Court were to consider the Defendant's purported detriment, the Trustee has established that the benefit to the estate in the form of proceeds in the amount of

---

[4] According to the Debtor's schedules the Debtor and Defendant hold interests in real property held as tenants by the entirety in six properties. See Debtor's Schedule A.

approximately $154,000 is not outweighed by the detriment to the Defendant of having her interest in the property held as tenant by the entirety terminated.[5]

Moreover, if the Court grants the Trustee authorization to sell the Subject Real Estate pursuant to Section 363(h), the Trustee must distribute proceeds from the sale of the Subject Real Estate pursuant to Section 363(j). According to Section 363(j):

> [a]fter a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

The Defendant's interest in the Subject Real Estate is preserved through the distribution of sale proceeds. Furthermore, according to Section 363(i), "[b]efore the consummation of a sale of property to which section (g) or (h) applies . . . the debtor's spouse . . . may purchase such property at the price at which such sale is to be consummated." Thus, the Defendant is provided with a right of first refusal to purchase the Subject Real Estate or the ability to receive a distribution of funds in accordance with Section 363(j) upon a sale authorized pursuant to Section 363(h). If the Defendant does not exercise her right of first refusal, she will receive 50% of the net proceeds from the sale of the Subject Real Estate which is estimated to be $154,261.95 based on the Debtor's stated value of the Subject Real Estate. [SMF ¶ 27].

## CONCLUSION

The Trustee has met his burden of proof with respect to all of the elements the Trustee must prove under 11 U.S.C. § 363(h) and there are no genuine issues of material fact as to any of

---

[5] The Defendant's allegation in her Answer that the Debtor has contributed less than 50% to the "marital partnership" has no bearing on whether the Trustee should be granted authorization to sell the Subject Real Estate pursuant to Section 363(h). Moreover, contrary to the Defendant's assertion, according to the Debtor's schedules, the Debtor maintains an ownership interest in the entirety of the property as reflected on Schedule A of his bankruptcy petition. The Trustee maintains that a 50/50 split of the proceeds from the sale of the Subject Real Estate is appropriate and asserts this issue does not need to be determined at this stage of the proceeding, but rather may be properly decided in the context of a motion to sell the Subject Real Estate.

the elements.  In particular, (1) partition of the Subject Real Estate is impracticable; sale of the Subject Real Estate free and clear of the Defendant's interest will generate a higher return for the estate, (3) the Defendant has not articulated any sufficient detriment in light of the benefit to the estate in the form of approximately $154,261.95 in proceeds from the sale of the Subject Real Estate to the Debtor's bankruptcy estate, and (4) that the Subject Real Estate is not used in connection with power production, transmission or distribution.  Therefore, the Trustee is entitled to judgment as a matter of law on his Adversary Complaint.

    Respectfully submitted,

    **JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF THE ESTATE OF PAUL FRANCIS**

    By his attorneys,

    /s/     *Anthony R. Leone*
    Thomas S. Vangel – BBO #552386
    Anthony R. Leone - BBO #681760
    Murtha Cullina LLP
    99 High Street
    Boston, MA 02110-2320
    Telephone:  617.457.4000
    Facsimile:  617.482.3868
    tvangel@murthalaw.com
    aleone@murthalaw.com

Dated:  July 10, 2018

## **CERTIFICATE OF SERVICE**

      I, Anthony R. Leone, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

      */s/ Anthony R. Leone*