# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF
# MASSACHUSETTS EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) ) ) | |
| PAUL FRANCIS, | ) ) | CHAPTER 7 |
| Debtor. | ) ) ) | CASE NO. 17-12708-FJB |
| JOHN O. DESMOND, CHAPTER 7 TRUSTEE FOR THE ESTATE OF PAUL FRANCIS, | ) ) ) ) ) | |
| Plaintiff | ) ) | ADVERSARY PROCEEDING NO. 18-01041-FJB |
| v. | ) ) | |
| RUTH FRANCIS, | ) ) | |
| Defendant. | ) ) | |

## OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
## WITH MEMORANDUM OF LAW

Ruth Francis, Defendant and Wife ("Defendant" or "Wife") of Paul Francis, Debtor ("Debtor" or "Husband") respectfully responds and opposes the Chapter 7 Trustees' Motion for Summary Judgment in this matter seeking authorization pursuant to 11 U.S.C. Section 363(h) of the Bankruptcy Code to sell the Debtor and Defendant's interest in their income producing property located at 156 Norfolk Street, Boston, MA ("Subject Real Estate") which is held by Debtor and Defendant as tenants by the entirety.

# PROCEDURAL ARGUMENT

**I)   Plaintiff's Motion for Summary Judgment Should Be Denied as Premature, as Discovery Is Frequently Permitted in Litigation Involving "Facial" Challenges**

Besides the fact that Defendant believes that there are disputes of material facts, the Chapter 7 Trustee's Motion for Summary Judgment is premature. This Court on July 3, 2018 entered the following pre-trial order:

> *Scheduling and Pre-Trial Order dated 7/3/2018 Re: 1Complaint filed by Plaintiff John O Desmond. Discovery due by 10/1/2018. Joint Pre-Trial Memorandum due by 10/31/2018. See Order for Full Text. (ek, usbc)*

Then, on July 10, 2018 the Chapter 7 Trustee filed the Motion for Summary Judgment. On July 10, 2018 discovery was not due until October 1, 2018. However, on August 7, 2018 the Parties filed a joint motion to extend initial disclosures to twenty-one (21) days after this Court determines the Summary Judgment motion which was allowed on August 8, 2018. The Chapter 7 Trustee should not have moved for summary judgment at this stage when not even the initial discovery disclosures have been exchanged.

This Bankruptcy Court, only on the fact that no discovery is neither due nor taken place by agreement, shall deny the Chapter 7 Trustee's motion for summary judgment as premature. Summary judgment is only appropriate after adequate time for discovery. "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'" Athridge v. Aetna Cas. & Sur. Co., 604 F.3d 625, 629 (D.C. Cir. 2010) (quoting Fed. R. Civ. P. 56(c)(2)). "'[T]he party moving for summary judgment . . . bears the initial burden of identifying evidence that demonstrates the absence of any genuine issue of material fact.'" Miller v. Hersman, 594 F.3d 8, 12 (D.C. Cir. 2010) (quoting Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir.1999)). In adjudicating a motion for summary judgment, "all

2

inferences must be viewed in a light most favorable to the non-moving party." Chambers v. U.S. Dep't. of Interior, 568 F.3d 998, 1003 (D.C. Cir. 2009).

Because a party moving for summary judgment must demonstrate the absence of any issue of material fact, a court should only grant summary judgment after the parties have been given an adequate opportunity for discovery. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (observing that summary judgment is appropriate only "after adequate time for discovery"); Anderson, 477 U.S. at 250 n.5, 257 (noting that summary judgment should be refused "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition," and that the nonmoving party should have "a full opportunity to conduct discovery"); Americable Int'l, Inc. v. Dep't of Navy, 129 F.3d 1271, 1274 (D.C. Cir.1997) (summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate time for discovery'") (quoting First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1380 (D.C. Cir.1988)); Martin v. Malhoyt, 830 F.2d 237, 256 (D.C. Cir. 1987) ("a reasonable opportunity to complete discovery before grappling with a summary judgment motion is the norm").

Under Federal Rule of Civil Procedure 56(f), a court "may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that time point, it cannot present by affidavit facts needed to defeat the motion." Strang v. United States Arms Control & Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir.1989); see also Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Wash., 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983); Londrigan v. Fed. Bureau of Investigation, 670 F.2d 1164, 1175 (D.C. Cir.1981); Hudert v. Alion Sci. & Tech. Corp., 429 F. Supp. 2d 99 (D.D.C. 2006); Fed. R. Civ. P. 56(f).

RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

Regardless of the above, Defendant states that not all of the facts stated by the Chapter 7 Trustee are undisputed. Thus, she states that the following facts are disputed:

1) "As a two family income property held by the Debtor and the Defendant as tenants by the entirety, partition of the Subject Real Estate is impracticable…" This fact is disputed as converting a two family house into condominiums is a common transaction in Boston, MA. The Chapter 7 Trustee only states that this is impracticable as the Subject Real Estate is held by the Debtor and the Defendant as tenants by the entirety. This is disputed as, if the Subject Real Estate is turned into two condominiums, they can deed title to one condo to any entity. Neverthelss, no discovery has been conducted.

2) "According to the Trustee's evaluation of the Subject Real Estate, the sale of the Subject Real Estate in its entirety would realize more for the bankruptcy estate than the sale of a partial interest of the Subject Real Estate…The sale of the Subject Real Estate will realize approximately $154,261.95 in equity for the Debtor's bankruptcy estate and approximately $154,261.95to the Defendant..." This fact is disputed as it assumes that Paul Francis is entitled to fifty (50) percent of the proceeds of the Subject Real Estate. Nevertheless, no discovery has been conducted.

3) "The only detriment alleged in the Defendant's Answer is the Defendant's contention that the sale of the Subject Real Estate would have a negative impact on her marriage…" This fact is disputed as Defendant will lose the Subject Real Estate and the significant income derived from it. Nevertheless, no discovery has been conducted.

4

**ARGUMENT ON THE MERITS**

I.   **SUMMARY JUDGMENT STANDARD**

Defendant agrees with the Chapter 7 Trustee as to the standard for summary judgment: "A motion for summary judgment in an adversary proceeding is governed by the same standards which govern motions under Fed. R. Civ. P. 56, as made applicable by Fed. R. Bankr. P. 7056. See In re Spigel, 260 F.3d 27 (1st Cir. 2001); In re McCabe, 345 B.R. 1 (Bankr. D.Mass. 2006). Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. In order to defeat a properly supported motion for summary judgment, the non-moving party must establish a trial- worthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Anderson, 477 U.S. at 249."

In the case at hand Defendant shall be allowed and have the opportunity to present evidence as to whether the sale is warranted and as to what is Paul Francis's interest and/or fair share in the Subject Real Estate since the bankruptcy estate cannot have more interest than Debtor would have had over the Subject Real Estate in a hypothetical divorce since the Chapter 7 Trustee is attempting to dissolved the tenancy by the entirety. Thus, there are essential and material facts in dispute. Nevertheless, as stated above, discovery has not been completed.

**II.     THE TRUSTEE HAS NOT SATISFIED THE REQUIREMENTS UNDER SECTION 363(h) OF THE BANKRUPTCY CODE NECESSARY FOR THE COURT TO GRANT THE TRUSTEE AUTHORIZATION TO SELL THE SUBJECT REAL ESTATE**

The Chapter 7 Trustee cannot attest that he has satisfied the requirements under Section 11 U.S.C. Section 363(h) of the Bankruptcy Code since discovery has not even commenced. Although 363(h) grants the Trustee power to seek authorization to sell property held as tenants by the entirety where the co-owner spouse is a non-debtor, the authorization is not without exceptions.

Section 363(h) provides that: [t]he trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, **only if**–

> (1) partition in kind of such property among the estate and such co-owners is impracticable;
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, in any, to such co-owners; and
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

Unlike what the Chapter 7 Trustee states, there is a dispute of material fact as to whether the Trustee has satisfied each of the elements of Section 363(h). Regardless of the lack of discovery argument against the grant of summary judgment, as to Exception #1, Defendant states that partition is not per se impracticable. Thus, whether an action is practical or not is for the trier of fact to decide depending on the evidence presented.

As to Exception #2, the Chapter 7 Trustee has not provided any evidence, besides argumentation, that the sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners. That is, no market analysis has been provided. Thus, it is up to the trier of fact to decide this fact after the evidence is presented. As to Exception #3, the Chapter 7 Trustee cannot state that the benefit to the estate of a sale of such property free of the interests of co-owners **outweighs the detriment**, in any, to such co-owners. In order to outweigh a detriment a trier of fact needs to hear evidence of the "benefit to the estate" and the "detriment." Then and only then the outweighing and determination can occur.

### A.     Partition of the Subject Real Estate is Not Impracticable.

Defendant agrees that it is a well settled that "real estate held in tenancy by the entirety is . . . not subject to partition in kind or by sale in Massachusetts." In re Coombs, 86 B.R. 314, 315 (Bankr. D. Mass. 1988) (citing Mass. Gen. Laws c. 241 §1, which states, "[a]ny person, except a tenant by the entirety, owning a present undivided legal estate in land, not subject to redemption, shall be entitled to [partition]…" However, Defendant and Debtor or the Chapter 7 Trustee can dissolve the tenancy by the entirety by joint conveyance –such as the eeding away of the Subject Real Estate after condominiumization; or by the probate and family court when grating a divorce.

Defendant is not required at this stage to demonstrate any preexisting progress related to the partitioning of the Subject Real Estate into separate condominium units or to demonstrate that the Defendant and Debtor have any additional capital necessary to create a condominium project. This is because discovery has not even commenced; and because even after discovery

7

at a summary judgment stage there is no such presentation of evidence. That is, it is up to the trier of fact to decide, after considering the evidence, if partition is practicable when the parties dispute such material fact.

**B.     The Sale of the Bankruptcy Estate's Undivided Interest in the Subject Real Estate Would Realize Significantly Less Than the Sale of the Entire Property.**

The Chapter 7 Trustee's opinion and determination, due to his 25 years of experience, that the sale of the bankruptcy estate's undivided interest would realize significantly less for the bankruptcy estate than the sale of the entire property or that the sale of the Subject Real Estate in its entirety would realize more for the bankruptcy estate than the sale of a partial interest of the Subject Real Estate cannot be taken by faith or accepted as judicial notice when no discovery has been completed and at the summary judgment stage after discovery if there are material issues of disputed fact.

The Chapter 7 Trustee states that:

"…Even in the absence of formal testimony from an appraiser indicating that the bankruptcy estate's undivided interest in the property would realize significantly less for the bankruptcy estate than a sale of such property free of the interest of the co-owner, this Court may take judicial notice of this fact. See In re Vassilowitch, 72 B.R. 803, 807-808 (Bankr. D. Mass. 1987) (In granting authorization pursuant to Section 363(h) court took judicial notice "that the sale of the estate's interest in such property would realize less than the sale free of [spouse's] interest" in the absence of testimony from an appraiser, pursuant to Bankruptcy Rule 9017).

In re Vassilowitch is not applicable to the case at bar because such case went to trial and the statements quoted by the Chapter 7 Trustee are the result of the bankruptcy court's ruling memorandum after conducting a trial on the merits. Again, Defendant does not have to introduce any evidence to prove this matter when discovery has not even commenced or at the summary judgment stage when there are disputes of material fact. That is, trial is the

8

forum to try a case which has disputes as to material facts. Thus, whether the sale of bankruptcy estate's undivided interest in the property would realize significantly less for the bankruptcy estate than a sale of such property free of the interest of the co-owner satisfying Section 363(h)(2) is a disputed issue of material fact.

C.  **The Benefit to the Estate of a Sale of the Subject Real Estate Free of the Interests of the Defendant Outweighs the Detriment to the Defendant.**

The Chapter 7 Trustee cannot possible state that there are undisputed material facts demonstrating that the Debtor's bankruptcy estate will receive significant equity from the sale of the Subject Real Estate which outweighs any detriment to the Defendant when discovery has not even commenced in this case.

The Chapter 7 Trustee incorporates In re Duda, 422 B.R. at 349 quoting In re Coletta Bros. of N. Quincy, Inc., 172 B.R. 159, 165 (Bankr. D. Mass. 1994) into his argument. However, these cases are not applicable because since no discovery has taken place, no party to this action can state, claim or attest that they have either proven or defeated the burden under 363(h)(3).

That is, the Chapter 7 Trustee cannot possibly state that he has proven the issue of whether the sale of the property free of the Defendant's interest would produce a benefit to the estate or that that the estate's share of the net proceeds would exceed existing liens on the Debtor's interest in the property when no discovery has been completed and short of trial when disputes of material fact exist. Only when the Chapter 7 Trustee proves such mentioned issues is the Defendant required to show that such a sale would produce a detriment to her, and only then can the Trustee show that the benefit to the estate is greater than the detriment to the Defendant. See In re Duda generally.

9

In the Motion for Summary Judgment the Chapter 7 Trustee uses the Debtor's Schedules, as filed more than a year ago in 2017, as evidence of the value of Debtor's bankruptcy estate as it relates to the Subject Real Estate. Regardless of the fact that such valuation is more than a year old and that no discovery has even commenced, the Chapter 7 Trustee inappropriately assumes that Paul Francis interest in the Subject Real Estate is fifty (50) percent. Without an assessment of Paul Francis interest and/or share in the Subject Real Estate or a current appraisal, no determination of whether the sale will substantially yield more proceeds for the estate.

Regardless of the above, Defendant will be able to satisfy her burden that the detriment to her outweighs the benefit to the estate once Debtor's bankruptcy estate is properly valued after discovery. Nevertheless, what interest Debtor's bankruptcy estate has over the Subject Real Estate (even if agreement of value is made) would be for the trier of fact to decide after discovery. Thus, such essential determination is a dispute of material facts.

The Commonwealth of Massachusetts is not a community property state which yields to a fifty-fifty (50/50) spit in marital assets for purposes of marital property division; but an equitable division state. Thus, this Bankruptcy Court must then decide, as a Massachusetts Probate and Family Court would have to decide the fair division of assets regardless of who actually owns them. This decision is based on equitable distribution factors pursuant to M.G.L c. 208, Section 34 as follows:

1) The length of the marriage;
2) The age of the parties;
3) The behavior of each party during the marriage;
4) The health of both parties;
5) The occupation of the parties;
6) The degree of employability of the parties;
7) The vocational skill of the parties;
8) The income each party brought to the marriage and where it came from;
9) The amount of liabilities each party brought to the marriage;
10) The social status of the parties while they were married;

11) The opportunities, if any, to acquire capital assets;
12) The estates belonging to each party and what their contributions were to preserve and grow those estates;
13) The contributions of each party as a homemaker;
14) The specific needs of each party; and
15) Other factors.

In order for this Bankruptcy Court to ascertain what property and/or assets is property of the estate, it must to ascertain what would have been the interest of the Debtor, Paul Francis, in the assets of the marriage in the hypothetical scenario of divorce property division in Massachusetts. That is, the bankruptcy estate (and the Chapter 7 Trustee) 'cannot have more' than Paul Francis would have received in a divorce under Massachusetts law.  Thus, discovery is needed which will result in issues of material facts not warranting summary judgment.

The asset in question, real estate located at 156 Norfolk Street, Boston, MA is the only asset that, in the event of a divorce, would have been subject to division as it is the only one which has equity.  This Court shall conduct a M.G.L c. 208 Section 34 analysis before assessing how much of 156 Norfolk is owned by bankruptcy estate. Regardless of the status of discovery in this case, there is a question of material fact (Paul Francis' interest and its equitable share). Thus, summary judgment is not warranted.

Although discovery has not commenced, Defendant can state at this state that the detriment to the Defendant outweighs the benefit to the bankruptcy estate since the Defendant is been forced to liquidate her only valuable asset without a determination of her actual interest (equitable and fair distribution) in it and without giving her the opportunity to pay her own liabilities. That is, the claims that the Chapter 7 Trustee intends to pay with the liquidation of the asset are related to tax liability of both the Debtor and the Defendant. Tax payers are allowed to settle tax debt though offers and compromises. So, Defendant is hindered to her detriment to negotiate and settle her tax liabilities.

11

11 U.S.C Section 363(j) states:

[a]fter a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, **according to the interests of such spouse** or co-owners, and of the estate.

Thus, the Chapter 7 Trustee request for a 50/50 split between the Defendant and the bankruptcy estate is misguided since any distribution should be "according to the interests of such spouse" (Defendant) pursuant to applicable state law in the hypothetical scenario of property division during a divorce in Massachusetts. Plaintiff is mistaken in his allegations in the Motion for Summary Judgment that "…Defendant's allegations in her Answer that Debtor contributed less than 50% to the marital partnership has no bearing…" Defendant's allegations have merit as they are contemplated in 363(j) and M.G.L Chapter 208, Section 34.

The Chapter 7 Trustee also states that:

"…according to Section 363(i), "[b]efore the consummation of a sale of property to which section (g) or (h) applies . . . the debtor's spouse . . . may purchase such property at the price at which such sale is to be consummated." Thus, the Defendant is provided with a right of first refusal to purchase the Subject Real Estate or the ability to receive a distribution of funds in accordance with Section 363(j) upon a sale authorized pursuant to Section 363(h). If the Defendant does not exercise her right of first refusal, she will receive 50% of the net proceeds from the sale of the Subject Real Estate which is estimated to be $154,261.95 based on the Debtor's stated value of the Subject Real Estate."

The problem with the above argument is that the Chapter 7 Trustee assumes that Defendant's share is fifty (50) percent. Since the Chapter 7 Trustee is attempting to dissolve the tenancy by the entirety by forcing the sale of the Subject Real Estate this Bankruptcy Court shall

first hear evidence of the M.G.L Chapter 208, Section 34 factors which are used when a probate and family court makes property division determinations before terminating tenancies by the entirety by dissolving the marriage.

## CONCLUSION

WHEREFORE, Defendant requests that this Honorable Court denies the Chapter 7 Trustee's Motion for Summary Judgment as premature and on the merits for failure to prove the that there are no issues of disputed material facts.

Respectfully Submitted by<br>
/s/Carmenelisa Perez-Kudzma<br>
Carmenelisa Perez-Kudzma, P.C.<br>
Perez-Kudzma Law Office, P.C.<br>
413 Boston Post Road<br>
Weston, MA 02493<br>
978-505-3333<br>
carmenelisa@pklolaw.com

Dated: August 19, 2018

Certificate of Service

I, Carmenelisa Perez-Kudzma, state that on August 19, 2018 I electronically filed the foregoing with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF THE ESTATE OF PAUL FRANCIS, Through his attorneys: Jonathan M. Horne, Murtha Cullina LLP