**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAUL FRANCIS, | ) | CHAPTER 7 |
| | ) | CASE NO. 17-12708-FJB |
| Debtor. | ) | |
| | ) | |
| JOHN O. DESMOND, CHAPTER 7 | ) | |
| TRUSTEE FOR THE ESTATE OF | ) | |
| PAUL FRANCIS, | ) | |
| | ) | ADVERSARY PROCEEDING |
| Plaintiff | ) | NO. 18-01041-FJB |
| v. | ) | |
| | ) | |
| RUTH FRANCIS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>TRUSTEE'S REPLY IN SUPPORT OF MOTION SUMMARY JUDGMENT</u>**

The Plaintiff John O. Desmond, the duly appointed Chapter 7 Trustee (the "Trustee") for

the bankruptcy estate of Paul Francis (the "Debtor") submits this Reply in connection with his

Motion for Summary Judgment (the "Motion") seeking authorization pursuant to Section 363(h)

of the Bankruptcy Code to sell the Debtor and the Defendant's interest in their income producing

property, known and numbered as 156 Norfolk Street, Boston Massachusetts and all

improvements thereon (the "Subject Real Estate").  Contrary to the requirements of Fed. R. Civ.

P. 56(d), the Defendant has not established by affidavit or declaration any specific reasons why

discovery is needed for the Defendant to respond to the Trustee's Motion and Statement of

Undisputed Material Facts.  In fact, the Defendant has not provided any evidence suggesting the

existence of any genuine issue of material fact.[1]  Instead, the Defendant's Opposition consists of

cursory statements that further discovery is needed.  Such tactic is contrary to well established

case law and ignores the fact that any evidence necessary to respond to the Trustee's Statement

of Undisputed Material Facts is already in the possession, custody or control of the Defendant.

Accordingly, the Defendant's request for this Court to deny the Trustee's Motion as premature

should be rejected.

The Trustee has established (a) that partition of the Subject Real Estate is impracticable,

(b) sale of the Debtor's undivided interest will realize significantly less than sale of the Subject

Real Estate including the Defendant's interest, and (c) that the benefit of the sale of the Subject

Real Estate to the Debtor's estate outweighs the detriment to the Defendant.[2]  Simply put, the

Defendant has not cited to any competent evidence concerning any genuine issue of material

fact.  First, the case law is clear—partition of residential property by condominiumization is

impracticable.  The Defendant has not cited any law to the contrary.  Second, as reflected in the

Trustee's affidavit, and supported by well settled case law, the Trustee has established that the

sale of only the Debtor's undivided interest in the Subject Real Estate would realize significantly

less for the Debtor's estate than sale of the Subject Real Estate free of the interests of the

Defendant.  SMF ¶ 21.  Again, the Defendant has not proffered any evidence, through affidavit

or otherwise to the contrary, and has failed to identify any unavailable facts for which discovery

is necessary.  Finally, the Defendant has failed to proffer any evidence suggesting she will suffer

---

[1] Contrary to LR 56.1, the Defendant has not responded to any of the Trustee's Statement of Undisputed Material Facts.  The Trustee therefore requests that the Court determine that all of the Trustee's Statement of Undisputed Material Facts are admitted and grant summary judgment in favor of the Trustee.  See e.g., CMI Capital Market Inv., LLC v. Gonzalez-Toro, No. 06-2623, 2008 WL 713577, at *3 (1st Cir. March 18, 2008) (where party failed to proffer evidence disputing facts under similar local rule "[t]he district court was . . . within its discretion to deem the facts in the [movant's] statement of material facts admitted.").  Instead, the Defendant has asserted three "exceptions" to the Trustee's Motion—namely, that partition is impracticable, sale of the Debtor's undivided interest will not realize significantly less than sale of all interests, and that the benefit to the Debtor's estate does not outweigh the detriment to the Defendant.  See Opposition p. 4.

[2] The Defendant admitted in her answer that the Trustee has satisfied Section 363(h)(4).  Answer ¶20.

a detriment from the sale of the Subject Real Estate which outweighs the benefit to the Debtor's

estate.  SMF ¶¶ 24-7.  The Defendant's purported detriment, that the Subject Real Estate is

potentially the only asset which has equity available for distribution in a divorce proceeding, is

not a relevant detriment under Section 363(h).  The Subject Real Estate is not Defendant's

marital home which remains intact.[3]  Typically, courts have considered detriment in the context

of a non-debtor spouse losing a marital home that may be specially equipped to accommodate a

serious physical disability.[4]

Further, the Defendant's contention that the apportionment of any proceeds from the sale

of the Subject Real Estate between the Debtor and the Defendant is governed by Massachusetts

divorce law is not supported by case law.  Instead, as stated in the cases below, there is a

presumption that property sold pursuant to Sections 363(h) and 363(j) is apportioned in equal

interests.  In sum, the Defendant has not cited any competent evidence to dispute any material

fact and has not demonstrated any justifiable reason why she could not at the time of her filing

her Opposition dispute the material facts as asserted by the Trustee.  As a result, the Trustee,

therefore, respectfully requests this Court grant the Trustee authorization to sell the Subject Real

Estate pursuant to Section 363(h) of the Bankruptcy Code.

## ARGUMENT

### A.  Further Discovery Is Not Necessary For This Court To Grant The Trustee Authorization To Sell The Subject Real Estate Pursuant To Section 363(h)

The Defendant's request that the Court deny the Trustee's Motion as premature is

without merit.  According to Fed. R. Civ. P. 56(d), a party requesting discovery must show, "by

---

[3] The Debtor and the Defendant reside at 410 Highland Street, Milton Massachusetts, which the Debtor values at $1,100,000 according to Schedule A.
[4] The Defendant previously indicated that her purported detriment was that her marriage would suffer.  Answer ¶ 18. Despite not raising such detriment in her Opposition, as asserted in the Trustee's affidavit, the detriment of a sale of the Subject Real Estate as having a negative impact on the Defendant's marriage does not outweigh the benefit of a sale of the Subject Real Estate to the Debtor's estate—nor has the Trustee found any case law which suggests that such detriment is legally recognizable.

affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

opposition . . . ." Here, the Defendant has failed to provide any affidavit or declaration in

support of her purported need for discovery.  Instead, the Defendant has provided only vague

assertions that discovery is needed.[5]  The First Circuit has soundly rejected this strategy.  As

articulated in Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985,

989 (1st Cir. 1988), in which the court rejected defendants request for discovery and granted

summary judgment:

> "[p]laintiff merely stated, in an entirely conclusory way, that '[d]iscovery should
> be commenced' and speculated that 'additional facts need to be established
> through discovery' in order to develop certain legal theories. Standing alone and
> unadorned, such banalities were entirely inadequate to extract the balm of Rule
> 56(f). Those cryptic allusions failed to set out any basis for believing that some
> discoverable material facts did exist. They did not show how the facts sought, if
> obtained, would help defeat the motions for summary judgment."

The Defendant has failed to identify any essential facts necessary to dispute any material fact.

Moreover, the Defendant has failed to identify any unavailable facts which would not otherwise

be within the Defendant's possession, custody or control—or not capable of being asserted

through a sworn affidavit of the Defendant—at the time of filing her Opposition.

In addition, the Defendant should not now be allowed to raise any issues concerning

discovery after agreeing to a pretrial scheduling order which specifically provided that the parties

did not need to exchange initial disclosures until 20 days after this Court's ruling on the

Trustee's Motion.  Further, the Defendant could have issued her initial disclosures and discovery

requests immediately after this Court's Scheduling Order issued on August 8, 2018, but did not

do so.  [Docket No. 30].  As a result, this court should reject the Defendant's contention that

---

[5] For example, in connection with the Defendant's purported detriment, the Defendant asserts "discovery is needed
which will result in issues of material facts not warranting summary judgment."  Opposition p. 11.  This vague
assertion as to the necessity for discovery does not comport with Defendant's requirement to identify specific
reasons requiring discovery.  See also Patterson-Leitch Co., infra.

discovery is necessary and grant the Trustee authorization to sell the Subject Real Estate

pursuant to Section 363(h).

**B.** <u>**There Is No Dispute That Partition Of The Subject Real Estate Is Impracticable**</u>

Here, there is no dispute that the Subject Real Estate is a two family income producing

property and not a condominium.  SMF ¶ 20.  The Defendant admitted as much in her Answer.

<u>Id.</u>  The Defendant has failed to cite any admissible evidence necessary to dispute that partition

of the Subject Real Estate is impracticable.  The case law is clear; partition by means of

condominiumization is impracticable.[6]  <u>In re Duda</u>, 422 B.R. 339, 348 (Bankr. D. Mass. 2010)

("'condominiumization is not a form of partition.'").  As a result, no further discovery is needed.

Any evidence regarding condominiumization or sufficient capital required to complete a

condominium conversion is irrelevant based on the fact that condominiumization is not a form of

partition.  As a result, the Trustee has satisfied Section 363(h)(1).

**C.** <u>**There Is No Dispute That The Sale Of The Debtor's Undivided Interest Will Realize Significantly Less Than The Sale Of The Subject Real Estate Including The Defendant's Interest**</u>

The Defendant has also not provided any support for her contention that the Trustee's

reliance on his experience as a chapter 7 trustee was not appropriate in determining that the sale

of the Debtor's undivided interest would realize less than sale of entire Subject Real Estate.  It is

well recognized that the sale of bankruptcy estate's undivided interest will realize less than the

sale of all interests in the Subject Real Estate.  SMF ¶ 21.  <u>See</u> BANKRUPTCY, RETITLE MA-

CLE 11-1 ("Generally, [satisfying Section 363(h)(2)] is easy to do because the value of a unitary

property is typically greater than the sum of its parts."); <u>see also</u> <u>In re Harrison</u>, 503 B.R. 835,

847 (Bankr. N.D. Okla. 2013) (court took judicial notice that sale of all interests would realize

---

[6] It would also appear that the Defendant does not dispute that partition of property held as tenants by the entirety is impracticable.  <u>See</u> Opposition p. 7.

more than sale of estate's interest alone).  Again, no further discovery is needed.  Here, the

Defendant has not proffered any competent evidence to dispute the Trustee's assertion and did

not indicate what, if any, discovery would be essential to disputing the Trustee's contention.  The

Defendant's bare assertion that "Defendant does not have to introduce any evidence to prove this

matter when discovery has not even commenced . . . ." does not demonstrate any dispute

regarding any material fact and fails to establish the unavailability of evidence at the time of

Defendant's filing.  As a result the Trustee has satisfied Section 363(h)(2).

### D. <u>There Is No Dispute That The Benefit To The Debtor's Estate Outweighs Any Detriment To The Defendant</u>

The Defendant has failed to proffer evidence to dispute that the Trustee has established

that the sale of the Subject Real Estate free of the Defendant's interest would benefit the

Debtor's Estate.  SMF ¶ 23.  Here, the sale of the Subject Real Estate will generate

approximately $154,000 for Debtor's bankruptcy estate.  SMF ¶¶ 15, 23.  As a result, the burden

is on the Defendant to establish a detriment which outweighs the benefit to the estate.  <u>See</u> <u>In re</u>

<u>Duda</u>, 422 B.R. at 349.  Nonetheless, the Defendant has failed to set forth any evidence

regarding detriment to her which would outweigh the significant benefit of $154,000 in proceeds

from the sale of the Subject Real Estate to the Debtor's estate.  The Defendant has only asserted

limited financial detriment unsupported by any reference to any affidavit or other evidence.

Typically, courts that have determined that the detriment to a non-debtor spouse

outweighs the benefit to the bankruptcy estate have only done so in the context of the sale of the

*marital home* and where there exists extraordinary circumstances necessary to accommodate the

non-debtor spouse.  <u>See e.g.</u>, <u>In re Coombs</u>, 86 B.R. 314 (Bankr. D. Mass 1988) (court found

detriment outweighed benefit where spouse suffered from multiple sclerosis, could not walk

more than a few feet without support and that the marital home was as result particularly suited

to her).  The present situation is entirely distinguishable from <u>Coombs</u>.  Here, the Subject Real

Estate is not the Defendant's martial home, but rather an income producing property that the

Defendant and Debtor hold as tenants by the entirety.[7]  SMF ¶ 20.  Here, the Defendant will also

receive approximately $154,000 from the proceeds of a sale of the Subject Real Estate.  SMF ¶

27.  This distribution significantly outweighs the Debtor's continued receipt of whatever portion

of the monthly rental income she is receiving from the Subject Real Estate—income that has not

been turned over to the Trustee as of the date of this filing.  SMF ¶ 12.  As a result the Defendant

has not identified any specific facts which support her purported detriment as a legally

recognizable detriment which outweighs the benefit to the Debtor's estate.

The Defendant's contention regarding the Trustee's valuation of the Subject Real Estate

is also without merit.  <u>See</u> Opposition p. 10 ("the valuation [of the Subject Real Estate] is more

than a year old and that no discovery has even commenced . . . .").  Here, the Trustee has relied

on the valuation set forth on Schedule A of the Debtor's bankruptcy petition.  SMF ¶ 15.  The

Defendant, for her part, has not proffered any evidence to dispute this valuation or offered any

alternative valuation, and instead relies on her cursory statement that the valuation is a year old.

Despite her contention, the Defendant had ample time to obtain an alternative valuation but did

not do so.[8]  As a result, the notion that discovery will uncover some material dispute concerning

the valuation used by the Trustee should be rejected by this court.

Moreover, the Defendant has not cited any support for the notion that the distribution of

any eventual proceeds from the sale of the Subject Real Estate is governed by Massachusetts

divorce law—which, in any event, is inapplicable, as the Defendant and the Debtor are not

---

[7] According to the Debtor's schedules the Debtor and Defendant hold interests in real property held as tenants by the entirety in six properties.  <u>See</u> Debtor's Schedule A.

[8] The Trustee also notes that the Defendant and the Debtor share the same counsel and that the Defendant's counsel has therefore been aware of the valuation of the Subject Real Estate as provided by the Debtor since at least August 2017.

divorced.  To the contrary, there is a presumption of property sold pursuant to Section 363(j) is divided equally between spouses.  See, e.g., In re Naples, 521 B.R. 715, 718 (Bankr. W.D. N.Y. 2014) (in the context of entireties property "… § 363(j) unavoidably leads back to … a presumption of 50-50 ownership of the proceeds of the sale." (citing In re Bradigan, 501 B.R. 151 (Bankr. W.D. N.Y. 2013)); In re Meyer, 187 B.R. 650, 653 (W.D. Missouri 1995) ("A plain reading of section 363(j) leads me to conclude that only one-half of the proceeds of the sale of the Real Estate became property of the bankruptcy estate.").  Still further, the Defendant has not demonstrated that any facts sufficient to assign a greater interest in the Subject Real Estate to the Defendant—nor that such facts were unavailable to the Defendant.  In sum, the Defendant has failed to show any dispute that the benefit to the Debtor's estate through a sale of the Subject Real Estate would outweigh any detriment to the Defendant.  This is especially the case whereas here, the Defendant has not offered any evidence concerning her purported detriment from the sale of the Subject Real Estate.  As a result, the Trustee has satisfied Section 363(h)(3).[9]

## CONCLUSION

There is no dispute that the Trustee has satisfied each element necessary under Section 363(h) for this court to grant the Trustee authorization to sell the Subject Real Estate.  The Defendant's assertion that discovery is necessary to establish unavailable facts is without merit. Here, the Defendant has not established any genuine dispute concerning any material fact and has not set for any specific facts that are unavailable to the Defendant such that discovery is warranted.  As a result this court should grant the Trustee's Motion and deny the Defendant's request to deny the Trustee's Motion as premature.

---

[9] Furthermore, the allocation of sales proceeds to the non-debtor spouse under Section 363(j) is not an issue that can prevent the Trustee's sale of the Subject Real Estate under Section 363(h).

Respectfully submitted,

**JOHN O. DESMOND, CHAPTER 7**
**TRUSTEE OF THE ESTATE OF**
**PAUL FRANCIS,**

By his attorneys,

/s/      *Anthony R. Leone*
Thomas S. Vangel, BBO#552386
Anthony R. Leone, BBO#681760
Murtha Cullina LLP
99 High Street
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile
tvangel@murthalaw.com
Dated:  August 24, 2018          aleone@murthalaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Anthony R. Leone, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/      Anthony R. Leone* _____