# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>PAUL FRANCIS,<br><br>　　　　　　　　　　Debtor<br><br>JOHN O. DESMOND, as he is<br>　CHAPTER 7 TRUSTEE,<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>RUTH FRANCIS,<br><br>　　　　　　　　　　Defendant | Chapter 7<br>Case No. 17-12708-FJB<br><br><br><br><br><br>Adversary Proceeding<br>No. 18-1041 |

**MEMORANDUM OF DECISION ON**
**TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

I.  INTRODUCTION

By his one-count complaint in this adversary proceeding, John O. Desmond (the "Trustee"), as he is trustee of the estate in the chapter 7 bankruptcy case of debtor Paul Francis (the "Estate"), seeks authority under 11 U.S.C. § 363(h) to sell, with the Estate's interest in the real property located at 156 Norfolk Street, Boston, Massachusetts (the "Property"), the interest of co-owner Ruth Francis in the Property. The matter before the Court is the Trustee's Motion for Summary Judgment (the "Motion"). For the reasons set forth below, the Court will grant the Motion.

II.  JURISDICTION

This matter arises in a bankruptcy case and under the Bankruptcy Code and, therefore, falls within the jurisdiction given the district courts in 28 U.S.C. § 1334(b). By the District Court's standing order of reference, the matter is referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). *See*

L.R., D. Mass. ("L.R.") 201. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(N) and (O). Accordingly, the Court has authority to enter final judgment in this adversary proceeding. 28 U.S.C. § 157(b)(1).

### III.  PROCEDURAL HISTORY

The Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on July 21, 2017. The Debtor listed the Property in his schedules and valued it at $323,500.00. The Debtor described the nature of his ownership interest in the Property as "tenancy by the entirety." The Debtor did not claim an exemption in the Property. The case was converted to one under chapter 11 on September 26, 2017, and, on March 20, 2018, the Court converted the case to one under chapter 7, whereupon Mr. Desmond was appointed trustee in the case. The Debtor appealed to the Bankruptcy Appellate Panel (BAP) from the order converting the case to chapter 7, and on March 14, 2019, the BAP affirmed the order of conversion.

On April 10, 2018, the Trustee commenced this adversary proceeding against Ruth Francis ("Ruth"). Ruth is the Debtor's wife and the co-owner of the Property; she is not a debtor in the chapter 7 case. By his Complaint, the Trustee seeks authority under 11 U.S.C. § 363(h) to sell, with the Estate's interest in the Property, Ruth's interest in the Property, and he now moves for summary judgment. In support of his Motion, the Trustee submitted a statement of undisputed material facts, a memorandum of law, and his affidavit (the "Trustee's Affidavit"). Ruth opposes the Trustee's Motion on the grounds that the Motion is premature because discovery has not been completed and because the Trustee has failed to satisfy the requirements of 11 U.S.C. § 363(h). Ruth did not submit a statement of the material facts of record as to which she contends there exists a genuine issue to be tried.

Under L.R., D. Mass 56.1, which is made applicable to this adversary proceeding by MLBR 7056-1, a party opposing a motion for summary judgment must submit a concise statement of the material facts of record as to which it contends there exists a genuine issue to be tried, with supporting

2

references to the record. *See* L.R 56.1. Material facts set forth in the moving party's statement are deemed admitted for the purposes of summary judgment unless controverted by an opposing statement. *See id.* Because Ruth did not submit an opposing statement of facts with supporting references, the material facts set forth in the Trustee's statement are deemed admitted for the purposes of the Motion.

**IV.   THE UNDISPUTED FACTS**

Pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, made applicable by MLBR 7056-1, the following facts are uncontested. Additional facts are stated below as they relate to the legal analysis.

On April 21, 2006, the Debtor and Ruth purchased the Property from the Debtor's related business, P&R Ice Cream and Restaurant, Inc., for $1.00. The deed to the Property places title in the Debtor and Ruth as tenants by the entirety. The Property is an income producing two-family rental property; it is not the Debtor and Ruth's marital home, and the Debtor does not live there. In his schedules, the Debtor valued the entire Property at $323,500.00.

The Debtor's interest in the Property constitutes property of the Estate, and he did not claim an exemption in the value of the Property. According to available land records, the Property is subject to a recorded tax taking by the City of Boston in the amount of $474.15, and, according to the City of Boston Tax Assessors Office, as of June 18, 2018, there is an outstanding tax balance of $1,976.09. There is equity in the Property; based on the Debtor's $323,500.00 valuation, a sale of the Property would realize net proceeds of $308,523.91, which would be divided equally between the estate and Ruth, with each receiving approximately $154,000.00. As the Property is owned in a tenancy by the entirety, partition of the Property is impracticable, and the sale of the Property in its entirety would realize more for the Estate than the sale of the Estate's partial interest in the Property. In her Answer to the Complaint, Ruth alleges that a sale of the Property "will cause a breakup of her marriage." The Property

is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

### V. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and, on the uncontroverted facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 763 (1st Cir. 1994). Where, as here, the burden of proof at trial would fall on the party seeking summary judgment, the party must support its motion with evidence—in the form of affidavits, admissions, depositions, answers to interrogatories, and the like—as to each essential element of its cause of action. The evidence must be such as would permit the movant at trial to withstand a motion for directed verdict under Fed. R. Civ. P. 50(a), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), or, in the current rules, a motion for judgment as a matter of law.

To oppose a properly-supported motion for summary judgment successfully, the opposing party must produce "specific facts, in suitable evidentiary form, to . . . establish the presence of a trial worthy issue." *Triangle Trading Co., Inc. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (quoting *Morris v. Gov't Dev't Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994)). "[C]onclusory allegations, improbable inferences, and unsupported speculation" are insufficient to establish a genuine dispute of fact. *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). The Court must view all evidence in the light most favorable to the nonmoving party and indulge all inferences favorable to that party. *Daury v. Smith*, 842 F.2d 9, 11 (1st Cir. 1988).

**VI.     Rule 56(d)**

In her Opposition, Ruth argues that summary judgment should be denied on Fed. R. Civ. P. 56(d)[1] grounds because discovery has not been completed. A party seeking to invoke Rule 56(d) must, by affidavit or in some other authoritative manner: (i) explain his or her current inability to adduce the facts essential to filing an opposition; (ii) provide a plausible basis for believing that the sought-after facts can be assembled within a reasonable time; and (iii) indicate how those facts would influence the outcome of the summary judgment motion. *See Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 28-29 (1st Cir. 2013). Here, Ruth has not satisfied the prerequisites for relief under Fed. R. Civ. P. 56(d). She has not submitted an affidavit or declaration or explained why she cannot present facts to support her opposition. Further, she has not indicated how any information that could be obtained through discovery would defeat the Trustee's Motion.  The Trustee is not likely to possess information that could support Ruth's Opposition (e.g., evidence of the Property's value, evidence of alleged detriment to Ruth); rather, such information is likely within Ruth's or the Debtor's control.[2] As Ruth has failed to demonstrate specific facts or circumstances to support a request under Rule 56(d), the Court rejects this argument.

**VII.    ANALYSIS**

Subsection 363(h) of the Bankruptcy Code provides that a trustee may sell both the estate's interest and the interest of any co-owner in property in which the debtor had, at the time of commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety if:

1)   partition in kind of such property among the estate and such co-owners is impracticable;

---

[1] In the Opposition, Ruth's counsel refers to Fed. R. Civ. P. 56(f). I assume counsel intended to refer to current rule Fed. R. Civ. P. 56(d).
[2] To the extent the Debtor possesses evidence that may be helpful to Ruth, the information may be readily accessible, the Debtor is Ruth's husband and her counsel also represents the Debtor in his chapter 7 case.

2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h). A court's decision to allow a § 363(h) sale is an equitable judgment that is discretionary and fact driven. *Messer v. Wei Chu (In re Gao)*, 560 B.R. 50, 67 (Bankr. E.D.N.Y. 2016). The trustee has the burden of establishing all four elements under § 363(h). *In re Hajjar*, 385 B.R. 482, 488 (Bankr. D. Mass. 2008) (citations omitted). In this case, the parties agree that § 363(h)(4) is satisfied; accordingly, the Court must address only the other three requirements.

The Trustee must first show that partition of the property between the Estate and Ruth is impracticable. The parties agree that because the Property is held in a tenancy by the entirety, Massachusetts law prohibits its partition. Ruth nonetheless maintains that partition is not impracticable. She contends that the Property could be converted into condominiums and then "they can deed title to one condo to any entity." The Court rejects Ruth's argument because "condominiumization is not a form of partition." *Collins v. Duda (In re Duda),* 422 B.R. 339, 348 (Bankr. D. Mass. 2010), citing *56 Assoc. & 57 Assoc. v. Diorio*, 381 B.R. 431, 436 (D.R.I. 2008). The condominium, including the individual units, would still be held in a tenancy by the entirety.  Moreover, it is impractical to force the Trustee to go through the conversion process and incur the expense of doing so. *See Collins v. Duda,* 422 B.R. at 348-49. I conclude that partition, being prohibited by law, is impracticable. I further conclude that, even if illegality were not enough to establish impracticality, any partition dependent upon conversion to condominiums would be, absent evidence to the contrary, impracticable in a chapter 7 context.  Here, Ruth has adduced no evidence to the contrary—no expert analysis of the legal, architectural, construction, and financing costs, requirements, and feasibility of a condominium conversion, and of the

6

effect of that conversion on the net benefit to the estate. I conclude that the Trustee has adduced evidence from which a reasonable trier of fact could find that partition is impracticable, and I further conclude that there is no genuine issue regarding the same.

Next, the Trustee must demonstrate that the sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than the sale of the Property free of Ruth's interest. In his Affidavit, the Trustee states that "[b]ased on my [over 25 years of] experience as a Chapter 7 Trustee, the sale of the [Property] in its entirety would realize more for the bankruptcy estate than the sale of a partial interest of the [Property]." *See Trustee's Affidavit*, at ¶¶ 1, 18. In her Opposition, Ruth responds, "[t]his fact is disputed as it assumes that [the Debtor] is entitled to fifty (50) percent of the proceeds of the [Property]," and "Defendant does not have to introduce any evidence to prove this matter when discovery has not even commenced or at the summary judgment stage where there are disputes of material fact." *See Defendant's Opposition*, at pp. 4, 8.  Ruth's assertions are not supported by affidavit or by other materials in the record.

Here, the Trustee has over 25 years of experience as a panel trustee and is competent to opine on this issue.  Further, "[i]t is generally accepted that the sale of a bankruptcy estate's undivided interest will generate substantially less than the sale of the property free of each owner's interest because of the chilling effect that the sale of the undivided interest usually has on prospective purchasers of the property." *See Yoppolo v. Schwenker (In re Ziegler)*, 396 B.R. 1, 4 (Bankr. N.D. Ohio 2008) (citing *Maxwell v. Barounis (In re Swiontek)*, 376 B.R. 851, 866 (Bankr. N.D. Ill. 2007)); *see also Maiona v. Vassilowitch (In re Vassilowitch)*, 72 B.R. 803, 807-08 (Bankr. D. Mass. 1987) (taking judicial notice of the fact that the estate's undivided interest would realize significantly less for the estate than a sale free of co-owner's interest).  Without evidence to the contrary and due to Ruth's failure to file an opposing statement of facts, the Trustee's statements are deemed admitted for the purposes of this Motion.  I conclude that

the Trustee has met his burden under § 363(h)(2) and that there is no genuine issue of material fact as to its satisfaction.

The application of § 363(h)(3) involves a shifting burden. Although a trustee bears the ultimate burden of proof on this requirement, the trustee's initial burden is to show that the sale of the property free of the defendant's interest would produce a benefit to the estate: that the estate's share of the net proceeds would exceed existing liens on the debtor's interest in the property. *Gray v. Burke (In re Coletta Bros. of N. Quincy, Inc.)*, 172 B.R. 159, 165 (Bankr. D. Mass. 1994). Once the trustee demonstrates a benefit to the estate, the burden shifts to the defendant to show that the sale would produce a detriment to her that outweighs the benefit to the estate. *Id.* If the defendant shows a detriment, the burden shifts back to the trustee, who must show that the benefit outweighs the detriment. *Id.*

Courts have defined "detriment" as economic hardship as well as any non-economic loss, harm, injury, or prejudice resulting from involuntary displacement. *See Community Nat'l Bank and Trust Co. of New York v. Persky (In re Persky)*, 893 F.2d 15, 20-21 (2d Cir. 1989); *Armstrong v. Trout (In re Trout)*, 146 B.R. 823, 829 (Bankr. D.N.D. 1992). In this case, the Trustee has met his initial burden of showing the sale would produce a benefit to the Estate. The Property is subject to a recorded tax taking by the City of Boston in the amount of $474.15, and there are outstanding real estate taxes in the amount of $1,976.09. The Property is otherwise unencumbered; and, upon its sale, the Estate would receive 50% of the net sale proceeds. Based on the outstanding tax liabilities and the approximate costs of sale, the Trustee estimates the Estate and Ruth would each receive approximately $154,000.00. On these uncontroverted facts, the Trustee has satisfied his initial burden under subsection (h)(3).

Under the applicable analysis, the burden shifts to Ruth, who must show she would suffer a detriment if the Property were sold. In her Answer to the Complaint and in her Opposition to the Motion, Ruth alleges that the sale of the Property "will cause a breakup of a marriage" and that she "will

8

lose the [Property] and the significant income derived from it." She also disputes the value of the Property, and she alleges that the Debtor's interest in the Property is less than 50% based on his contributions to the marital partnership, and that the Court must ascertain the Debtor's interest in the Property based on a division of property in a hypothetical divorce. Ruth fails to quantify her alleged economic detriment with precision, and she has not demonstrated how the loss of the rental income would cause her economic hardship. In addition, Ruth has not adduced evidence from which a trier of fact could determine that the Property is not worth $323,500.00 or that the Debtor's interest in the Property was less than 50 percent.[3] Without specific facts and supporting evidence, I cannot determine whether Ruth would suffer a detriment or such detriment would outweigh the benefit to the Estate. I conclude that Ruth has not adduced evidence from which a reasonable finder of fact could find that she had sustained her burden under § 363(h)(3).

VIII.    CONCLUSION

For the foregoing reasons and based on the uncontroverted material facts, the Trustee is entitled to judgment under 11 U.S.C. § 363(h) as a matter of law. The Court will enter judgment authorizing the Trustee to sell Ruth's interest in the Property along with the interest of the Estate.

Date:  March 18, 2019

_____
Frank J. Bailey
United States Bankruptcy Judge

---

[3] Ruth's argument concerning the extent of the Estate's interest in the Property does not warrant denial of the Trustee's Motion, as such a determination is not a prerequisite to a sale pursuant to § 363(h). Subsection 363(j), which directs the trustee to distribute the sale proceeds to the debtor's spouse or the co-owners of the property, contemplates the distribution will occur *after* the sale of the property and "according to the interests of such spouse or co-owners, and of the estate." 11 U.S.C. § 363(j). Ruth has submitted no evidence from which a trier of fact could conclude that the parties' interests are anything but equal, much less that the debtor's/estate's share is so small that any benefit from a sale would be inconsequential.